McCALEB, Justice
(dissenting).
I am in general agreement with the views expressed by Justice PONDER in his dissenting opinion. However, at the risk of being repetitious, I deem it appropriate to set down my individual opinion in the case.
At the outset, it is well to state that I am in full accord with the law cited by the majority — that, whereas parents have a paramount right to the custody of their child, it is not an absolute right and must yield whenever the best interests and welfare of the child require otherwise. However, it is in the application of the rule to the specific facts that difficulty is sometimes encountered. Of course, if the parents are found to be morally unfit or incapable of providing the child with the necessities of life, the correct conclusion is easily reached. And in cases where the child has been placed in the care and custody of foster parents over a long period of time and has grown to love them and to look upon them as its real parents, it may rightly be said that it would be against its welfare to disturb the status quo by giving recognition to the fundamental parental right of custody.
But, in a case like this, where the child is still an infant and the parents are capable of caring for it properly, the only basis in my estimation upon which a judgment depriving them of custody can be rightly predicated is that their past conduct has been such that it would be against the best interests of the child to place it in their *976 care. The rationale of the opinion of the trial judge, which is approved by the prevailing opinion herein, is that the plaintiffs have forfeited their right to the child. In this-, I do not agree because the decision on the question of custody should not be founded on a punishment of the parents for their past acts but, rather, upon the interest and welfare of the child.
Although there can be no doubt that the mother and father of the child in this case have committed a great wrong, it is my belief that they are penitent and, if given the child, they will love and care for it and that it will be bestowed its rightful place in their household with its brother and sisters. If I am correct in this, the welfare of the child, which is paramount, will be best served by restoring it to the family of its blood relations.
I respectfully dissent.